## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In Re Subpoena in                           )
                                            )
    TAMARA McCLURKIN                     )

      v.

    WILLIAM ROY, III.

Case: 1:07-mc-00118
Assigned To : Bates, John D.
Assign. Date : 3/20/2007
Description: McClurkin v. Roy

### MOTION TO QUASH

The Court Services and Offender Supervision Agency("CSOSA"), through the

undersigned attorneys, hereby moves to quash the subpoena issued in this matter. The Court is

respectfully referred to the accompanying memorandum in support of this motion. A proposed

order also accompanies the motion.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Subpoena in | ) | |
| | ) | |
| TAMARA McCLURKIN | ) | |
| | ) | |
| v. | ) | Misc. No. _____ |
| | ) | |
| WILLIAM ROY, III. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO QUASH

On March 14, 2007, the Court Services and Offender Supervision Agency("CSOSA")

was served with a subpoena for the testimony of Cheree Koch, a Community Supervision Officer

("CSO") with CSOSA.  See Exhibit 1.  The subpoena matter was removed to this Court,

consistent with Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C.

Cir. 1995).  See Docket No. 1.

Although the subpoena does not indicate the information to be elicited from CSO Koch,

applicable law and CSOSA regulations preclude testimony on or production of information

regarding its supervisees, to the extent it may exist, and jurisdiction is lacking to enforce a

subpoena for information from the federal government.  Thus, as is more fully explained below,

the subpoenas should be quashed.

## ARGUMENT

I.     **The Subpoena should be Quashed**

The Court of Appeals has made clear that neither the District of Columbia Superior Court

nor this Court has the jurisdiction to enforce a Superior Court subpoena when the party seeking

enforcement has failed to comply with an agency's <u>Touhy</u>[1] regulations. "In state court the federal

government is shielded by sovereign immunity, which prevents the state court from enforcing a

subpoena." <u>Houston Business Journal v. OCC</u>, 86 F.3d 1208, 1211 (D.C. Cir. 1996). And,

"because a federal court's jurisdiction upon removal is derivative of the state court's, the federal

court in a removed action is also barred from enforcing a subpoena against the federal

government." <u>Id</u>. at 1212. Although <u>Houston Business Journal</u> involved only a subpoena for

documents, the decision also addressed situations involving subpoenas for testimony. "Under

<u>Touhy</u>," stated the Court, "neither state-court nor federal-court litigants may obtain a subpoena

*ad testificandum* against an employee of a federal agency that has enacted a Touhy regulation."

<u>Id</u>. at 1212 n.4 (citations omitted).

> In <u>Houston Business Journal</u>, the Circuit clearly recognized that where an
> agency has enacted valid <u>Touhy</u> regulations, a federal court litigant may not obtain
> a subpoena *ad testificandum* against an employee of a federal agency, but "the
> litigant must proceed under the APA and the federal court will review the agency's
> decision not to permit its employee to testify under an 'arbitrary and capricious'
> standard." 86 F.3d at 1212 n. 4 (citing <u>Moore v. Armour Pharm. Co.</u>, 927 F.2d
> 1194, 1197 (11th Cir. 1991); <u>Davis Enters. v. EPA</u>, 877 F.2d 1181, 1186 (3d Cir.
> 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)).

<u>Ho v. United States</u>, 374 F.Supp.2d 82, 83 (D.D.C. 2005) (footnotes omitted) (appeal pending).

In short, the failure to comply with the regulations promulgated by CSOSA, 28 C.F.R. §

802.24, <u>et seq.</u>, requires this Court to quash the subpoenas seeking information from CSOSA.

<u>See</u> 28 C.F.R. 802.13; <u>Houston Business Journal</u>, 86 F.3d at 1211-12; <u>Ho v. United States</u>, 374

F. Supp.2d at 83

Because CSOSA regulations prohibit CSOSA employees from providing the testimony

---

[1]      <u>See</u> <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

and information sought, see 28 C.F.R. 802.27(a), the Court is without jurisdiction to order

compliance with the subpoena for agency information.

> When a litigant seeks to obtain documents from a non-party federal
> governmental agency, the procedure varies depending on whether the underlying
> litigation is in federal or state court. In state court, the federal government is
> shielded by sovereign immunity, which prevents the state court from enforcing a
> subpoena. Under Fifth Circuit law, which the Texas district court followed,
> because a federal court's jurisdiction upon removal is derivative of the state
> court's, the federal court in a removed action is also barred from enforcing a
> subpoena against the federal government. Louisiana v. Sparks, 978 F.2d 226,
> 234-36 (5th Cir. 1992).[2] Moreover a court cannot enforce a subpoena against an
> employee of the federal governmental agency when the agency has validly enacted
> a regulation . . . that withdraws from employees the power to produce documents.
> United States ex rel. Touhy v. Ragen, 340 U.S. 462, 467-69 (1951); id. at 472-73
> (Frankfurter, J., concurring).

Houston Business Journal v. OCC, 86 F.3d at 1212.

> Under Touhy, neither state-court nor federal court litigants may obtain a
> subpoena ad testificandum against an employee of a federal agency that has
> enacted a Touhy regulation.

Id. at 1212 n.4. Therefore, because CSOSA has validly enacted Touhy regulations, see 28 C.F.R.

§§ 802.24, et. seq., and no one has secured authorization under those regulations for the release

of the information sought in the subpoenas, sovereign immunity precludes the Superior Court

from entering an order compelling production. Moreover, a District Court upon removal

similarly lacks subject matter jurisdiction to enforce the subpoenas at issue. Houston Business

Journal v. OCC, 86 F.3d at 1212; Longtin v. United States Department of Justice, No. 06-1302

(D.D.C. Aug. 3, 2006), aff'd, Order in No. 06-5223 (D.C. Cir. Aug. 9, 2006), attached as Exhibit

---

[2]     This position has also been taken by at least three other circuits, see Edwards v.
United States Dep't of Justice, 43 F.3d 312, 315 (7th Cir. 1994); Exxon Shipping Co. v. United
States Dep't of Interior, 34 F.3d 774, 778 (9th Cir. 1994); Boron Oil Co. v. Downie, 873 F.2d 67,
70 (4th Cir. 1989), as well as by district courts in this circuit, see Environmental Enterprises, Inc.
v. EPA, 664 F. Supp. 585 (D.D.C. 1987).

2.

## II.    Information Sought in this Matter May Be Privileged or Otherwise Subject to Withholding.

In addition to the jurisdictional barriers, any information or documents sought by the requesting party may be privileged and protected if they related in any manner to the mental health treatment or substance abuse counseling of a parollee.

In the District of Columbia, a person's mental health records are strictly protected from discovery, and may be disclosed only in a narrow set of circumstances. Specifically, D.C. Code Section 7-1201.02 prohibits the disclosure of mental health information to any person, without the subject's express authorization or a valid court order. Even under the few listed exceptions, the limits on disclosure are very narrow, and cannot be overcome merely by a subpoena. See D.C. Code §§ 7-1202.01, et seq. (Disclosures With the Client's Consent), 7-1203.01, et seq. (Exceptions), and 7-1204.01, er seq. (Court-Related Disclosures). Violation of the mental health information confidentiality is punishable by civil liability, D.C. Code §7-1207.01, or criminal penalties and fines. D.C. Code §7-1207.02.

Likewise, records that disclose the identity, diagnosis and treatment of any patient in a drug abuse prevention function or in an alcohol abuse treatment or prevention program conducted, regulated or assisted by the federal government are confidential and may be released only with the written consent of the patient, to medical personnel as necessary to deal with a medical emergency, or pursuant to a court order. 42 U.S.C.A. § 290dd-2.[3] The penalty for violating this section is a fine of up to $500 for the first offense and up to $5,000 for subsequent

---

[3]        See also See 42 C.F.R. Part 2.

-4-

offenses. <u>Id.</u>

Any other information requested from CSOSA may further be subject to withholding

under the Privacy Act. 5 U.S.C. §552a, <u>et seq.</u> Broadly speaking, the Privacy Act sets forth

requirements for the maintenance and "disclosure" of certain designated system of records. 5

U.S.C. § 552a. <u>See</u> <u>Longtin</u>, No. 06-1302 (Exhibit 2) at *7. If an agency fails to accurately and

securely maintain or safeguard its records, or there is an alleged disclosure in violation of the

Privacy Act, the person claiming to have been injured by the agency action may bring a damages

action. 5 U.S.C. § 552a(g). Protected records include "medical files and similar files" when the

disclosure of such information "would constitute an unwarranted invasion of personal privacy,"

5 U.S.C. § 552(b)(6), and "records or information compiled for law enforcement purposes . . . to

the extent that the production of such law enforcement records or information could reasonably

be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. §

552(b)(7)(C).[4]

In the present matter, if the requesting party is seeking such records or information, it

does not appear that she has satisfied any of the requirements for compelling production and

disclosure of the records, to the extent that any exist. Accordingly, the Court should quash the

subpoena served on CSOSA for the testimony of the CSO.

---

[4]    Overlapping with the above-cited statutory protections, the Privacy Act also
permits the withholding of information "specifically exempted from disclosure by statute" if the
statute (A) "requires that the matters be withheld from the public in such a manner as to leave no
discretion on the issue," or (B) "establishes particular criteria for withholding or refers to
particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

## **CONCLUSION**

Wherefore, for all of the foregoing reasons, the Court should order that the subpoena to CSOSA be quashed.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH  CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing motion to quash is being served by hand

delivery to:

Trisha Monroe
Legal Aid Society of DC
666 11th Street, N.W.
Suite 800
Washington, D.C. 20001


on this March 20, 2007.


DARRELL C. VALDEZ
Assistant United States Attorney

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## FAMILY COURT

RETURN OF SERVICE

**SUBPOENA**

**SUBPOENA DUCES TECUM**

Tamara McClurkin

vs.

William Roy, III

CASE NO: 05-DRB-3258

To: Cheree Koch

300 Indiana Avenue, N.W., Room 2100

Washington, DC

SOCIAL FILE NO:_____

YOU ARE ORDERED to appear to give testimony in this case on ___23rd___ day of ___March___,

20_07_ at _9:00_ ☑A.M. P.M.

☑ In Courtroom JM-440 of the SUPERIOR COURT, 500 Indiana Avenue, N.W., Washington, D.C.

☐ In Room _____ of _____ Hospital,

_____ Washington, D.C.

☐ YOUR ARE FURTHER ORDERED to bring with you and produce the following documents or objects:

_____

_____

_____

_____

This subpoena has been requested by:
☐ The Office of the Corporation Counsel, 4th & 5th Floors, 441 Fourth Street, N.W.
☐ The Commission on Mental Health, Room 4475, 500 Indiana Avenue, N.W.
☑ The Attorney for the plaintiff/respondent: Trisha Monroe, Legal Aid Society of DC, 1616 14th Street,
N.W., Suite 800, Washington, DC 20001

Telephone number of requesting party: (202) 661-5961

The following information is required in juvenile cases only:
Alleged violation:_____
Arresting Officer's Name:_____
Arrest Date:_____, 20_____        Youth I.D. No:_____

**BRING THIS SUBPOENA WITH YOU.  YOU MAY NOT LEAVE WITHOUT THE COURT'S PERMISSION**

*Clerk of the Superior Court of the District of Columbia*

Date: _March 14_, 20_07_    _____

EXHIBIT
1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KEITH LONGTIN,

         Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

        Defendants.

Civil Action No. 06-1302 (JMF)

**MEMORANDUM ORDER**

    This matter was referred to me, upon consent of the parties, for all purposes including

trial. The case originates in the United States Attorney's decision to deny, relying on the Privacy

Act, 5 U.S.C. § 552a,[1] plaintiff Keith Longtin's request for the production of certain documents

and the right to depose an Assistant United States Attorney where there was an order issued by

the Superior Court of the District of Columbia permitting the sought-after deposition.

    As a result of the denial of his request, plaintiff has filed a complaint under the

Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, as well as a motion for a temporary

restraining order. While styled as a motion for a temporary restraining order or a preliminary

injunction, plaintiff's motion actually seeks a permanent injunction that would command the

United States to require the Assistant United States Attorney to testify at a trial in the Circuit

---

[1] All references to the United States Code and the Code of Federal Regulations are to the
electronic versions that appear in Westlaw and Lexis.



Court for Prince George's County, Maryland, currently scheduled to begin on August 14, 2006. See Plaintiff's Motion for Temporary Restraining Order ("Pls. Mot.") at 3.

      I held a hearing on plaintiff's motion on July 31, 2006, at which the parties agreed that I should consolidate the trial on the merits of this civil action with the hearing on the preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and deem the matter ripe for adjudication by summary judgment. At the hearing, the parties agreed that the following facts are not in dispute:

1.     Elisabeth Poteat ("Poteat") is an Assistant United States Attorney in the District of Columbia.

2.     Keith Longtin ("Longtin") was arrested in Prince George's County, Maryland and charged with the rape and murder of his wife, Donna Zinetti.

3.     A DNA analysis of semen recovered from Zinetti's corpse was the semen of a man named Antonio Oesby ("Oesby"). Prince George's County law enforcement authorities were aware of this information no later than January 11, 2000.

4.     Poteat was involved in the prosecution of Oesby for other crimes in the District of Columbia.

5.     Upon the application of Longtin's counsel in a civil action brought by Longtin against Prince George's County and other defendants in Maryland, a Maryland court ordered that the deposition of Poteat be taken. The Superior Court of the District of Columbia, relying on that order, issued an order directing that Poteat be deposed.

6.     The United States Attorney's Office denied Longtin's counsel's request for Poteat's testimony and certain files by letters dated July 18 and July 21, 2006.

7.    The trial in Longtin's civil action in Maryland is scheduled to begin on August

14, 2006.

## ANALYSIS

The Department of Justice has adopted so called "Touhy"[2] regulations that set forth (1)

the requirements that a litigant must follow to request records from or the deposition of a person

employed by the Department of Justice when the Department of Justice is not a party to that

litigation, and (2) the standards by which the representative of the Department of Justice is to

determine whether to permit access to the sought-after records or deposition. See 28 C.F.R. §

16.26.  If a federal agency has adopted so-called Touhy regulations, the court's power is limited

to a review of the determination made pursuant to that regulation to ascertain whether the

determination was arbitrary, capricious, and unreasonable. Houston Bus. Journal, Inc. v. Office

of the Comptroller of the Currency, 86 F.3d 1208, 1212 (D.C. Cir. 1996).

Plaintiff concedes as much, but focuses on the provisions of the Privacy Act that indicate

that a disclosure made pursuant to an order of a court of competent jurisdiction is exempted from

the requirements and prohibitions of the Privacy Act. See 5 U.S.C. § 522a(b)(11).  He then

reasons that, because the Superior Court issued an order for Poteat to be deposed, Poteat must be

permitted to be so deposed and to produce the sought-after documents.[3]  To prevail on this

---

[2] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

[3] Plaintiff previously served a subpoena *duces tecum* on the United States Attorney's
Office, which the government, in separate miscellaneous actions before this Court, has
moved to quash. See Miscellaneous Case Nos. 06-164 and 06-165.  In that subpoena,
plaintiff sought the United States Attorney's entire file relating to the Oesby case and to
depose Poteat.  As indicated in his briefing on the present motion for a restraining order
and at the hearing on that motion, plaintiff has now narrowed his request to include only
testimony regarding Poteat's alleged conversation with a Prince George's County official
about the prosecution of Oesby and its relation to the arrest and detention of plaintiff and
any notes that Poteat may have taken during that conversation.

3

argument, plaintiff would have to show either (1) that the Privacy Act, by the force of the

exemption itself, compelled Poteat to testify or (2) that, in concluding that the exemption did not

require Poteat to testify, the Department of Justice misread the law and was therefore arbitrary

and capricious in its denial of plaintiff's Touhy request.

### The Privacy Act Does Not Waive Sovereign Immunity

It is settled beyond all question that the sovereign immunity of the United States

precludes a state court from enforcing a subpoena or a subpoena *duces tecum* issued by a state

court and served on a non-party federal government agency. Houston Bus. Journal, 86 F.3d at

1211. It, therefore, follows that a federal court must quash such a subpoena when the federal

official or agency upon whom the subpoena was served removes the state court action to a

federal court because the federal court lacks jurisdiction to enforce it. Id. at 1212.

Accordingly, to prevail on his present argument, plaintiff must show that the exemption

in the Privacy Act upon which he relies was intended by Congress to waive the sovereign

immunity of the United States[4] to the extent that sovereign immunity would preclude the

enforcement of a state court subpoena served on a federal official. Unfortunately for plaintiff,

the United States Court of Appeals for the Fifth Circuit rejected that precise contention in

Louisiana v. Sparks, 978 F.2d 226 (5th Cir. 1992). As the court explained:

> The state trial court believed that 5 U.S.C. § 552a(b)(11)-which
> makes an exception to the Privacy Act's general proscription of
> disclosure of material protected under that Act if "a court of
> competent jurisdiction" orders disclosure-was evidence of a
> sweeping waiver of sovereign immunity. There is no indication
> that this exception to the Privacy Act's normal operation evinces
> congressional intent to broadly waive the sovereign immunity of
> agencies such as the Justice Department when ordered to comply

---

[4] A waiver of sovereign immunity cannot be implied, but must be unequivocally
expressed. United States v. Mitchell, 445 U.S. 535, 538 (1980).

4

with state court subpoenas. Rather, § 552a(b)(11) is simply an
exception to the operation of the Privacy Act. In any event, in the
instant case that exception is inoperative because in the present
procedural posture of the case, no court-state or federal-possesses
jurisdiction to enforce a state court subpoena. Section 552a(b)(11),
however, would be applicable should Sparks institute a federal
cause of action under the Administrative Procedure Act or the
Freedom of Information Act.

Louisiana, 978 F.2d at 235 n.15.[5]  Therefore, the only appropriate reading of the exception is that

it operates to exempt a federal government agency that makes a disclosure pursuant to a court

order from a suit based on that disclosure.  It would mean that, if plaintiff prevails in this case

and secures the order he seeks, then the disclosure made by the Department of Justice pursuant

to that order could not be the premise of a suit against the Department of Justice by Oesby.  But

the exception certainly does not mean that the United States has waived its sovereign immunity

by enacting this exception to the Privacy Act and that state courts can, therefore, enforce

subpoenas served on a federal government agency or official.

      Moreover, neither the Superior Court of the District of Columbia nor the Circuit Court

for Prince George's County, Maryland constitute a "court of competent jurisdiction," as required

by the exception.  As just discussed, both of those courts lack jurisdiction to issue an order

compelling a federal official to comply with a state court subpoena – the only remedy available

is to commence a federal action, under the Administrative Procedure Act, seeking review of the

-----

[5] Plaintiff relies heavily on a subsequent Fifth Circuit case called Robinett v. State Farm
Mut. Auto. Ins. Co., 83 Fed. Appx. 638 (5th Cir. 2003).  Not only is that case not binding
on courts in this circuit, but, as an unpublished per curiam opinion, it is not even binding
on courts in the Fifth Circuit. See Fifth Circuit Local Rule 47.5.4.  Moreover, even
considering the Robinett case as persuasive authority, it simply holds that a federal
government agency cannot be found liable for violating the Privacy Act if it relies on a
court order when making the disclosure – it does not reach the issue of what constitutes
an order of a court of competent jurisdiction. See Robinett, 83 Fed. Appx. at 639.

5

Department of Justice's decision not to permit Poteat to testify. Houston Bus. Journal, 86 F.3d at 1212.

### The Decision of the Department of Justice Was Not Arbitrary and Capricious

The only way to overturn the Department of Justice's denial of plaintiff's Touhy request is to file a civil complaint under the Administrative Procedure Act and to establish that the decision made by the Department of Justice was arbitrary, capricious, and unreasonable. Based on the undisputed facts, plaintiff cannot establish that the Department of Justice's decision was arbitrary, capricious, and unreasonable.

Poteat has asserted under oath that it would be impossible for her to answer questions pertinent to plaintiff's Maryland case without disclosing information that is contained in the Oesby files. Declaration of Elisabeth Poteat, attached to Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Temporary Restraining Order. Plaintiff insists that a distinction can nevertheless be drawn between, on the one hand, asking Poteat specifically what is in the Oesby files and, on the other hand, asking her about her "personal knowledge" of her alleged phone call with a Prince George's County official. The Department of Justice rejected this contention in denying plaintiff's Touhy request, explaining:

> [E]ven if Ms. Poteat were able to recall events independently of the information in the files, our Court of Appeals has held that the release of the information is still subject to the Privacy Act, where she participated in gathering the information for the file in the first place. See Bartel v. Federal Aviation Admin., 725 F.2d 1403, 1408 (D.C. Cir. 1984).

Pls. Mot. Exh. 4 at 3.

In Bartel, the plaintiff complained about letters and a phone call that disclosed

that an investigation had been conducted into his behavior while employed by the government. Bartel, 725 F.2d at 1405-06. In its defense, the government contended that the Privacy Act provision that prohibited the disclosure of a record, see 5 U.S.C. § 552a(b), did not apply to the letters or the phone call because "the information they contained was not physically retrieved from the [Report of Investigation] by Vincent, but rather came from his independent knowledge of the investigation and its results." Bartel, 725 F.2d at 1407. The court of appeals rejected this interpretation of the Privacy Act, which limited its application to a "retrieval" rule and barred only the disclosure of information retrieved from a protected record. Instead, the court of appeals held that the protections of the Privacy Act extend to an agency official's "disclosing information in a record that he may not have read but . . . had a primary role in creating and using." Id. at 1411. Accord Pilon v. United States Dep't of Justice, 73 F.3d 1111, 1118 (D.C. Cir. 1996) (reading Bartel to hold that the Privacy Act applied when an official disclosed his personal recollection of an investigation that he had instituted, despite the fact that he may not have reviewed the pertinent record before doing so); Jacobs v. Nat'l Drug Intelligence Ctr., 423 F.3d 512 (9th Cir. 2005) (Bartel followed); Wilborn v. Dep't of Health and Human Servs., 49 F.3d 597 (9th Cir. 1995) (same).

The Department of Justice's determination, just quoted, that Poteat would violate the Privacy Act by disclosing what was contained in a record that she had a primary role in creating was, at the very least, a fair and justifiable reading of the Bartel decision. Accordingly, I cannot find that the decision was arbitrary, capricious, or unreasonable.

7

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is **DENIED** and summary judgment is **GRANTED** in defendants' favor.  The clerk of the court is instructed to enter final judgment in defendants' favor.

**SO ORDERED.**


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 06-5223                              September Term, 2005
                                                    06cv01302

                                        Filed On:

Keith Longtin,
            Appellant

        v.

Department of Justice, et al.,
            Appellees



> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
>
> FILED    AUG X 9 2006
>
> CLERK

**BEFORE:**    Henderson, Griffith, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for injunctive relief; appellant's dispositive motion for judgment, which the court construes as a motion for summary reversal; the emergency motion for expedited appeal; appellees' motion for summary affirmance and combined response to appellant's motions; and appellant's brief, it is

**ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant has not shown the Department of Justice's determination, denying his request pursuant to the Department's "Touhy" regulations, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951); 28 C.F.R. § 16.26. It is

**FURTHER ORDERED** that the motion for injunctive relief and motion for expedited appeal be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

<div style="border:1px solid black">

**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: _____ 10 /3 / 06

BY: _____    Deputy Clerk

ATTACHED: ___ Amending Order
            ___ Opinion
            ___ Order on Costs

</div>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: _Cheri Carter_

A True Copy: Deputy Clerk/LD

United States Court of Appeals
for the District of Columbia Circuit

By: _____    Deputy Clerk